T.C. Memo. 2013-217

UNITED STATES TAX COURT

CREDITRON FINANCIAL CORPORATION, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 19080-07.                    Filed September 16, 2013.

A.D. Covatto (an officer), for petitioner.

<u>Kelly R. Morrison-Lee</u>, for respondent.

MEMORANDUM OPINION

CHIECHI, <u>Judge</u>:  This case is before us on respondent's motion to dismiss

for lack of jurisdiction as supplemented.[1]  (For convenience, we shall refer to

---

[1]Petitioner filed an opposition to respondent's motion to dismiss for lack of
jurisdiction (petitioner's opposition) and a response to respondent's motion to
dismiss for lack of jurisdiction as supplemented.

[*2] respondent's motion to dismiss for lack of jurisdiction as supplemented as respondent's motion.)  We shall grant respondent's motion.

## Background

The record establishes and/or the parties do not dispute the following.

Petitioner's principal place of business was in Erie, Pennsylvania, at the time it filed the petition in this case.

Petitioner filed Form 941, Employer's Quarterly Federal Tax Return (Form 941), for the quarter ended September 30, 2005 (September 30, 2005 quarter). Petitioner did not pay all of the Federal taxes that it reported in that return (petitioner's unpaid Form 941 taxes for the September 30, 2005 quarter).

Respondent timely assessed petitioner's unpaid Form 941 taxes for the September 30, 2005 quarter, as well as an addition to tax under section 6651(a)(2)[2] and interest as provided by law for that quarter.  (We shall refer to any such unpaid assessed amounts with respect to the September 30, 2005 quarter, as well as interest as provided by law accrued thereafter, as petitioner's unpaid liability for the September 30, 2005 quarter.)

---

[2]All section references are to the Internal Revenue Code in effect at all relevant times.

**[*3]**    On January 17 and 26, 2006, respectively, respondent issued to petitioner (1) a notice of intent to levy and notice of your right to a hearing (notice of intent to levy) with respect to petitioner's unpaid liability for the September 30, 2005 quarter (notice of intent to levy with respect to the September 30, 2005 quarter) and (2) a notice of Federal tax lien filing and your right to a hearing under IRC 6320 (notice of tax lien) with respect to that liability (notice of tax lien with respect to the September 30, 2005 quarter).[3]  In the notice of intent to levy with respect to the September 30, 2005 quarter, respondent indicated that if petitioner wanted to request what respondent referred to as a collection due process hearing with respondent's Appeals Office[4] (Appeals Office) regarding that notice, it had to do so within 30 days after the date of that notice (i.e., by February 16, 2006, the 30th day after January 17, 2006, the date on which respondent issued the notice of intent to levy with respect to the September 30, 2005 quarter).  In the notice of tax

_____

[3]The Commissioner of Internal Revenue (Commissioner) has prescribed respective form letters to serve as (1) a notice of intent to levy and notice of your right to a hearing and (2) a notice of Federal tax lien filing and your right to a hearing under IRC 6320.  The prescribed form letters for those respective notices are Letter 1058 and Letter 3172.  Each of those prescribed form letters indicates that the Commissioner is attaching to each such letter, inter alia, Form 12153, Request for a Collection Due Process or Equivalent Hearing (Form 12153).

[4]We shall refer to an Appeals Office hearing under secs. 6320 and 6330 as an Appeals Office hearing.

**[*4]** lien with respect to the September 30, 2005 quarter, respondent indicated that if petitioner wanted to request an Appeals Office hearing regarding that notice, it had to do so by February 27, 2006.

Petitioner timely submitted to respondent Form 12153 regarding the notice of intent to levy with respect to the September 30, 2005 quarter and regarding the notice of tax lien with respect to the September 30, 2005 quarter.[5]

On August 10, 2006, the Appeals Office issued to petitioner a notice of determination concerning collection action(s) under section 6320 and/or 6330 (notice of determination) with respect to petitioner's unpaid liability for the September 30, 2005 quarter (notice of determination with respect to the September 30, 2005 quarter). As discussed below, petitioner did not file a petition with respect to that notice until August 23, 2007.

As discussed in more detail below, on June 7, 2007, petitioner submitted to respondent Form 9423, Collection Appeal Request (Form 9423), with respect to, inter alia, petitioner's unpaid liability for the September 30, 2005 quarter (petitioner's June 7, 2007 Form 9423). As also discussed in more detail below, on July

_____

[5]Petitioner's Form 12153 that petitioner submitted to respondent regarding the notice of intent to levy with respect to the September 30, 2005 quarter and regarding the notice of tax lien with respect to the September 30, 2005 quarter is not part of the record in this case.

**[*5]** 31, 2007, petitioner submitted to respondent another Form 9423 with respect to, inter alia, that liability (petitioner's July 31, 2007 Form 9423).

Petitioner filed Form 941 for the quarter ended December 31, 2005 (December 31, 2005 quarter). Petitioner did not pay all of the Federal taxes that it reported in that return (petitioner's unpaid Form 941 taxes for the December 31, 2005 quarter).

Respondent timely assessed petitioner's unpaid Form 941 taxes for the December 31, 2005 quarter, as well as an addition to tax under section 6651(a)(2) and interest as provided by law for that quarter. (We shall refer to any such unpaid assessed amounts with respect to the December 31, 2005 quarter, as well as interest as provided by law accrued thereafter, as petitioner's unpaid liability for the December 31, 2005 quarter.)

On April 24 and May 4, 2006, respectively, respondent issued to petitioner (1) a notice of intent to levy with respect to petitioner's unpaid liability for the December 31, 2005 quarter (notice of intent to levy with respect to the December 31, 2005 quarter) and (2) a notice of tax lien with respect to that liability (notice of tax lien with respect to the December 31, 2005 quarter). In the notice of intent to levy with respect to the December 31, 2005 quarter, respondent indicated that if petitioner wanted to request an Appeals Office hearing regarding that notice, it had

**[*6]** to do so within 30 days after the date of that notice (i.e., by May 24, 2006, the 30th day after April 24, 2006, the date on which respondent issued the notice of intent to levy with respect to the December 31, 2005 quarter). In the notice of tax lien with respect to the December 31, 2005 quarter, respondent indicated that if petitioner wanted to request an Appeals Office hearing regarding that notice, it had to do so by June 5, 2006.

Petitioner did not timely submit to respondent Form 12153, or any other document, in which it requested an Appeals Office hearing regarding the notice of intent to levy with respect to the December 31, 2005 quarter and the notice of tax lien with respect to the December 31, 2005 quarter. Instead, petitioner waited until June 12 or 13, 2006, on which to submit to respondent Form 12153 regarding those notices (petitioner's June 2006 Form 12153).[6] Because petitioner did not timely submit Form 12153, or any other document, in which it requested an Appeals Office hearing regarding the notice of intent to levy with respect to the December 31, 2005 quarter and the notice of tax lien with respect to the December 31, 2005 quarter, respondent granted petitioner a so-called equivalent hearing, and

---

[6]Petitioner's June 2006 Form 12153 is not part of the record in this case. Respondent's transcript of account for the quarter ended December 31, 2005, shows that petitioner submitted to respondent a "COLLECTION DUE PROCESS EQUIVALENT HEARING REQUEST" on June 12 and 13, 2006.

**[*7]** not an Appeals Office hearing, regarding petitioner's unpaid liability for the December 31, 2005 quarter.

On March 30, 2007, the Appeals Office issued to petitioner a decision letter concerning equivalent hearing under section 6320 and/or 6330 of the Internal Revenue Code (decision letter) with respect to petitioner's unpaid liability for the December 31, 2005 quarter. That decision letter stated in pertinent part:

> Your due process hearing request was not filed within the time pre-
> scribed under Section 6320 and/or 6330. However, you received a
> hearing equivalent to a due process hearing except that there is no
> right to dispute a decision by the Appeals Office in court under IRC
> Sections 6320 and/or 6330.

As discussed in more detail below, on June 7, 2007, petitioner submitted to respondent petitioner's June 7, 2007 Form 9423 with respect to, inter alia, peti-tioner's unpaid liability for the December 31, 2005 quarter. As also discussed in more detail below, on July 31, 2007, petitioner submitted to respondent peti-tioner's July 31, 2007 Form 9423 with respect to, inter alia, that liability.

Petitioner filed Form 941 for the quarter ended March 31, 2006 (March 31, 2006 quarter). Petitioner did not pay all of the Federal taxes that it reported in that return (petitioner's unpaid Form 941 taxes for the March 31, 2006 quarter).

Respondent timely assessed petitioner's unpaid Form 941 taxes for the March 31, 2006 quarter, as well as an addition to tax under section 6651(a)(2) and

[*8] interest as provided by law for that quarter. (We shall refer to any such unpaid assessed amounts with respect to the March 31, 2006 quarter, as well as interest as provided by law accrued thereafter, as petitioner's unpaid liability for the March 31, 2006 quarter.)

On August 4 and 17, 2006, respectively, respondent issued to petitioner (1) a notice of intent to levy with respect to petitioner's unpaid liability for the March 31, 2006 quarter (notice of intent to levy with respect to the March 31, 2006 quarter) and (2) a notice of tax lien with respect to that liability (notice of tax lien with respect to the March 31, 2006 quarter). In the notice of intent to levy with respect to the March 31, 2006 quarter, respondent indicated that if petitioner wanted to request an Appeals Office hearing regarding that notice, it had to do so within 30 days after the date of that notice (i.e., by September 3, 2006, the 30th day after August 4, 2006, the date on which respondent issued the notice of intent to levy with respect to the March 31, 2006 quarter). In the notice of tax lien with respect to the March 31, 2006 quarter, respondent indicated that if petitioner wanted to request an Appeals Office hearing regarding that notice, it had to do so by September 18, 2006.

Petitioner filed Form 941 for the quarter ended September 30, 2006 (September 30, 2006 quarter). Petitioner did not pay all of the Federal taxes that it

[*9] reported in that return (petitioner's unpaid Form 941 taxes for the September 30, 2006 quarter).

Respondent timely assessed petitioner's unpaid Form 941 taxes for the September 30, 2006 quarter, as well as interest as provided by law for that quarter. (We shall refer to any such unpaid assessed amounts with respect to the September 30, 2006 quarter, as well as interest as provided by law accrued thereafter, as petitioner's unpaid liability for the September 30, 2006 quarter.)

On April 12 and May 18, 2007, respectively, respondent issued to petitioner (1) a notice of tax lien with respect to petitioner's unpaid liability for the September 30, 2006 quarter (notice of tax lien with respect to the September 30, 2006 quarter) and (2) a notice of intent to levy with respect to, inter alia, that liability.[7] In the notice of tax lien with respect to the September 30, 2006 quarter, respondent indicated that if petitioner wanted to request an Appeals Office hearing regarding that notice, it had to do so by May 21, 2007. In the notice of intent to levy with respect to the September 30, 2006 quarter and petitioner's taxable year 2006, respondent indicated that if petitioner wanted to request an Appeals Office hearing

---

[7]As discussed below, the notice of intent to levy that respondent issued to petitioner with respect to petitioner's unpaid liability for the September 30, 2006 quarter also pertained to certain assessed amounts for petitioner's taxable year 2006. We shall refer to that notice as the notice of intent to levy with respect to the September 30, 2006 quarter and petitioner's taxable year 2006.

[*10] regarding that notice, it had to do so within 30 days after the date of that notice (i.e., by June 17, 2007, the 30th day after May 18, 2007, the date on which respondent issued the notice of intent to levy with respect to the September 30, 2006 quarter and petitioner's taxable year 2006).

Petitioner filed Form 941 for the quarter ended December 31, 2006 (December 31, 2006 quarter). Petitioner did not pay all of the Federal taxes that it reported in that return (petitioner's unpaid Form 941 taxes for the December 31, 2006 quarter).

Respondent timely assessed petitioner's unpaid Form 941 taxes for the December 31, 2006 quarter, as well as interest as provided by law for that quarter. (We shall refer to any such unpaid assessed amounts with respect to the December 31, 2006 quarter, as well as interest as provided by law accrued thereafter, as petitioner's unpaid liability for the December 31, 2006 quarter.)

On June 14, 2007, respondent issued to petitioner a notice of tax lien with respect to petitioner's unpaid liability for the December 31, 2006 quarter (notice of tax lien with respect to the December 31, 2006 quarter).[8] In the notice of tax lien with respect to the December 31, 2006 quarter, respondent indicated that if

---

[8]On October 19, 2007, after petitioner filed the petition commencing this case, respondent issued to it a notice of intent to levy with respect to petitioner's unpaid liability for the December 31, 2006 quarter.

[*11] petitioner wanted to request an Appeals Office hearing regarding that notice, it had to do so by July 23, 2007.

Petitioner filed Form 940, Employer's Annual Federal Unemployment (FUTA) Tax Return (Form 940), for its taxable year 2006. Petitioner did not pay all of the Federal tax that it reported in that return (petitioner's unpaid Form 940 tax for its taxable year 2006).

Respondent timely assessed petitioner's unpaid Form 940 tax for its taxable year 2006, as well as an addition to tax under section 6651(a)(2) and interest as provided by law for that year. (We shall refer to any such unpaid assessed amounts with respect to petitioner's taxable year 2006, as well as interest as provided by law accrued thereafter, as petitioner's unpaid liability for its taxable year 2006.)

On May 18 and 22, 2007, respectively, respondent issued to petitioner (1) the notice of intent to levy with respect to the September 30, 2006 quarter and petitioner's taxable year 2006 that pertained to, inter alia, petitioner's unpaid liability for its taxable year 2006[9] and (2) a notice of tax lien with respect to that liability (notice of tax lien with respect to petitioner's taxable year 2006). As discussed above, in the notice of intent to levy with respect to the September 30,

---

[9]See supra note 7.

**[*12]** 2006 quarter and petitioner's taxable year 2006, respondent indicated that if petitioner wanted to request an Appeals Office hearing regarding that notice, it had to do so within 30 days after the date of that notice (i.e., by June 17, 2007, the 30th day after May 18, 2007, the date on which respondent issued the notice of intent to levy with respect to the September 30, 2006 quarter and petitioner's taxable year 2006). In the notice of tax lien with respect to petitioner's taxable year 2006, respondent indicated that if petitioner wanted to request an Appeals Office hearing regarding that notice, it had to do so by June 29, 2007.

Petitioner did not submit to respondent Form 12153, or any other document, in which it requested an Appeals Office hearing with respect to (1) petitioner's unpaid liability for the March 31, 2006 quarter, (2) petitioner's unpaid liability for the September 30, 2006 quarter, (3) petitioner's unpaid liability for the December 31, 2006 quarter, and (4) petitioner's unpaid liability for its taxable year 2006. Instead, petitioner submitted petitioner's June 7, 2007 Form 9423.

The instructions for Form 9423 state in pertinent part:

You may appeal a Notice of Federal Tax Lien, levy, seizure, or denial or termination of an installment agreement under these procedures.
* * *

**[*13] How to Appeal If You Disagree With One of These Actions**

1.  If you disagree with the decision of the Revenue Officer, and wish to appeal, you must first request a conference with a Collection manager.

2.  If you do not resolve your disagreement with the Collection manager, you may request Appeals consideration by completing Form 9423, Collection Appeal Request.

3.  On the Form 9423, check the Collection action(s) you disagree with and explain why you disagree.  You must also explain your solution to resolve your tax problem.  **THE COLLECTION OF-FICE MUST RECEIVE YOUR REQUEST FOR AN APPEAL WITHIN 2 DAYS OF YOUR CONFERENCE WITH THE COL-LECTION MANAGER OR WE WILL RESUME COLLEC-TION ACTION.**

\*          \*          \*          \*          \*          \*          \*

**Decision on the appeal**

Once the Appeals Officer makes a decision on your case, that decision is binding on both you and the IRS.  This means that both you and the IRS are required to accept the decision and live up to its terms.

Petitioner provided the responses indicated to the following questions in petitioner's June 7, 2007 Form 9423:

[*14] 11. Type of Tax 12. Tax Periods 13. Tax Due
(Tax Form) Being Appealed

| **Payroll, Forms 940, 941** | **All Applicable Tax Periods including, but not limited to 2006 and 2007** | **Uncertain** |

\* \* \* \* \* \* \*

14. Please Check the Collection Action(s) You're Appealing:

☒ Federal Tax Lien   ☒ Denial of
 Installment Agreement

☒ Levy or Notice of Levy   ☐ Termination of
 Installment Agreement

☒ Seizure

\* \* \* \* \* \* \*

15. Please explain why you disagree with the collection action(s) you
checked above and explain how you would resolve your tax problem.
\* \* \*

\* \* \* \* \* \* \*

Taxpayer hereby appeals the IRS decisions to:

• Deny a taxpayer-proposed installment agreement,

• Classify taxpayer's installment agreement request as an attempt
to delay collection (no written classification has been received
as yet, but is anticipated based on a recent telephone conversa-
tion with the IRS),

[*15]   • File liens and levies against taxpayer for any and all applicable tax years,

   • Execute and/or enforce liens and levies against taxpayer for any and all applicable tax years,

   • Require the filing of a federal tax lien to support any accepted installment agreement,

   • Deny taxpayer any and all rights mandated under a request for an installment agreement,

   • Move forward with collection activities while knowing that such collection activities will generate substantially less funds than foregoing such collection activities. That is, the IRS is better off, if it allows the sale of the taxpayer and/or all of its assets to a private buyer rather than the IRS's proposed collection activities, liens and levies. Overall collection totals will decrease substantially due to massive lay-offs and the impact on the local economy and tax base. This decrease will likely cause a domino effect to decrease total collected taxes on a state-wide basis.

Taxpayer respectfully asks that the taxpayer be granted sufficient time to consummate the proposed sale without the imposition of additional liens and levies nor the execution or enforcement of existing liens and levies. Although, the attached letter of intent to purchase Creditron indicates a closing date within 30 days, taxpayer would ask for up to four months to allow for any unpredictable issues and to minimize the administrative burden of seeking appeals, again, to grant more time, if required.

In the alternative, or in addition, the taxpayer requests that the installment agreement request dated June 1, 2007 be granted, until the sale is executed and closed. * * * [Reproduced literally.]

**[*16]** In petitioner's June 7, 2007 Form 9423, petitioner did not request, or in any way suggest that it wanted, an Appeals Office hearing.

On June 21, 2007, the Appeals Office sent to petitioner a letter (Appeals Office June 21, 2007 letter) with respect to the "**Tax Period(s) Ended:** 09/2005 12/2005 03/2006 09/2006 12/2006". In that letter, the Appeals Office indicated that it had

> considered your protest regarding the proposed enforcement actions by the Collection function. A review of the case file revealed that Compliance adhered to all applicable legal and procedural require-ments in conjunction with your collection case.

In the Appeals Office June 21, 2007 letter, the Appeals Office reminded petitioner that "[t]he issuance of the levy is to collect the outstanding balance due accounts that you have not voluntarily paid."

In petitioner's June 7, 2007 Form 9423, petitioner had requested the Appeals Office to delay for "up to four months" respondent's proceeding with any collection actions relating to petitioner's respective employment tax liabilities for the quarters ended September 30 and December 31, 2005, and March 31, September 30, and December 31, 2006, and its unemployment tax liability for its taxable year 2006. In the Appeals Office June 21, 2007 letter, the Appeals Office in-

**[*17]** formed petitioner that it would delay respondent's proceeding with any such actions for 30 days only. That letter stated in pertinent part:

> Since you are so close to closing on a sale of the business which will provide the funds to full pay the above tax periods, Appeals will direct the compliance division not to enforce the levies until 30 days from the date of this letter. Appeals partially sustains the Compliance division.
>
> Based on a review of all the facts before us the action is appropriate but Appeals is affording you another 30 days to full pay the above tax liabilities. The 30 day time frame [sic] begins on the date of this letter.

On July 25, 2007, a revenue officer with respondent's collection function (revenue officer) sent to petitioner a letter. That letter stated in pertinent part:

> I've called twice and left voice mails each time. I trust you've received them.
>
> To confirm, Creditron Financial Corporation **MUST** file the form 941, Employers Quarterly Tax Return, for the calendar quarter ended June 30, 2007 with me along with full payment of any amount not previously deposited. Failure to comply with this requirement **WILL** result in Notices of Levy being issued to the taxpayer's bank and customers.

On July 31, 2007, petitioner submitted to respondent petitioner's July 31, 2007 Form 9423. Petitioner provided the responses indicated to the following questions in that form:

[*18] 11. Type of Tax     12. Tax Periods          13. Tax Due
        (Tax Form)             Being Appealed

**EMPLOYMENT**          **2006 AND ALL**          **APROX.** [sic]
**941, 940**            **RELEVANT**              **$1.5MIL**
                        **PERIODS**

\*     \*     \*     \*     \*     \*     \*

14. Please Check the Collection Action(s) You're Appealing:

   ☐ Federal Tax Lien        ☒ Denial of
                                Installment Agreement

   ☒ Levy or Notice of Levy  ☐ Termination of
                                Installment Agreement

   ☒ Seizure

\*     \*     \*     \*     \*     \*     \*

15. Please explain why you disagree with the collection action(s) you checked above and explain how you would resolve your tax problem.

   [L]evy or notice of levy will produce less income to the IRS than an outright sale of taxpayer. Taxpayer can provide assurances that a sale will be closed within 30 days. However, these assurances must satisfy the IRS, not just the taxpayer. So, [sic] any document that the IRS would deem sufficient to establish the certainty of the sale will help taxpayer and the IRS in this regard. Although the sale was to occur by now, the delay has been with taxpayer's auditors. The auditors were extremely late in preparing "reviewed" financial statements that are required for the buyer's due diligence. Now that these statements are ready, taxpayer only needs another 30 days to close the sale. There is close to five million dollars at stake to the IRS should the sale fail. If the levies are issued, the sale fails.

**[\*19]**     Please consider extending the time for sale for another 30 days.
        * * *

In petitioner's July 31, 2007 Form 9423, petitioner did not request, or in any way suggest that it wanted, an Appeals Office hearing.

On August 13, 2007, the Appeals Office sent to petitioner a memorandum entitled "**APPEALS CASE MEMORANDUM COLLECTION APPEAL PROGRAM DENIAL OF INSTALLMENT AGREEMENT PROPOSED LEVY ACTION PROPOSED SEIZURE ACTION**".  That memorandum stated in pertinent part:

| TYPE OF TAX | PERIODS | ASSESSED BALANCE |
| --- | --- | --- |
| 941 | 200509 | 401,902 |
| 941 | 200512 | 112,352 |
| 941 | 200603 | 20,181 |
| 941 | 200609 | 11,910 |
| 941 | 200612 | 9,842 |
| 941 | 200703 | 329,872 |
| | Balance | $886,059.00 |

### SUMMARY AND RECOMMENDATION

The taxpayer requested a hearing in regard to a denial of an installment agreement, proposed levy and proposed seizure action under the Collection Appeal Program (CAP).

The taxpayer is being represented by Edgar Darden referred to as Power of Attorney (POA).

[*20] The denial of the installment agreement was based on requirements as provided in the Internal Revenue Manual § 5.14 indicating that all tax returns for which the taxpayer is required to file must be filed prior to installment agreement approval. The taxpayer must be in compliance with all current deposits after being told to do so. The taxpayer was not in compliance with filing requirements when the installment agreement was denied and the taxpayer is not making current deposits as required.

The denial of the installment agreement was also based on the taxpayer requesting the agreement to delay collection, IRM 5.14.3.2.(1)(D).

The levy action and seizure action was proposed based on the taxpayer incurring additional liability because they were not making timely and sufficient deposits.

Collection's decision to deny the taxpayer's request for an installment agreement, the proposed levy action and the proposed seizure is sustained in Appeals.

## BACKGROUND

The liabilities for the 941 tax periods indicated above are due to the taxpayer not making timely and sufficient federal tax deposits.

The accounts were assigned to Collection. Timely contact was made with the taxpayer by the Revenue Officer.

The Collection Manager concurred with the Revenue Officer's decision to deny the installment agreement, proposed levy action and proposed seizure.

\*       \*       \*       \*       \*       \*       \*

The Appeals Settlement Officer received the taxpayer's CAP request on August 6, 2007.

**[*21]**                    **DISCUSSION AND ANALYSIS**

The Taxpayer's Position:

- The Taxpayer proposed an installment agreement to collection for $20,000.00 per week until such time the company is sold.

- The taxpayer is requesting 4 months to consummate the proposed sale without the imposition of additional levies or liens.

**Compliance's Position:**

- Collection denied the installment agreement because it was determined it was submitted to delay collection.

- The taxpayer had not filed the Form 941 for the tax period ending June 30, 2007 and therefore was not in compliance with filing requirements as required by the IRM. The taxpayer has now filed the 941 tax return for the tax period ending June 30, 2007 with a balance due of $329,526.89.

- The taxpayer has a long history of non-compliance and has incurred additional liability since the installment agreement request was made.

- The taxpayer is not making current deposits after being advised to do so.

**Appeals' Decision:**

On August 9, 2007 the CAP hearing was held via telephone with the Appeals Settlement Officer (SO) and the POA. The taxpayer was not in attendance.

Appeals determination is that compliance followed all legal and local procedures and guidelines and that the decision to deny the installment agreement, proposal of the levy, and the proposed seizure actions are appropriate.

[*22] The case was reviewed by Appeals for appropriateness based on law, regulations, policy and procedures considering all the facts and circumstances presented.

**DETERMINATION**

**Appeals finds that all legal and local procedures and guidelines were followed and were appropriate.  The above actions, denial of installment agreement, proposed levy action and proposed seizure are all sustained in Appeals.**

On August 23, 2007, petitioner filed a petition commencing this case.  In the petition, petitioner alleged that the petition is a "Petition for Redetermination of a Deficiency" and a "Petition for Lien or Levy Action".  Petitioner also alleged in the petition that it disagrees with "the determination contained in the notice issued by the Internal Revenue Service for the year(s) or period(s) 2005 AND 2006, as set forth in such notice dated JULY 25, 2007".  The petition stated in pertinent part:

> TAXPAYER REQUESTS THAT ALL COLLECTION ACTIONS CEASE TO ALLOW TAXPAYER TO CLOSE A SALE, THE COMPANY COMPLETELY SATISFING [sic] TAXPAYER'S OUTSTANDING IRS DEBT.  TAXPAYER NEEDS UNTIL SEPTEMBER 30, 2007 TO CLOSE THE TRANSACTION.  TAXPAYER FEELS THAT THE IRS THREATENED LEVY ACTION IS AN ABUSE OF DISCRETION GIVEN TAXPAYER'S DOCUMENTED HARDSHIP.  IF LEVIES ARE ISSUED, TAXPAYER WILL NOT MAKE PAYROLL AND OVER 500 EMPLOYEES WILL BE OUT OF WORK.  ALLOWING THE SALE OF THE COMPANY TO CLOSE CREATES A WIN-WIN SITUATION FOR

**[*23]** THE IRS AND THE TAXPAYER.  THERE IS ALSO A QUESTION OF THE EXACT AMOUNT OF THE TAX LIABILITY, GIVEN THE CONFUSING PENALTY AND INTEREST CALCULATIONS.

## Discussion

It is respondent's position that we do not have jurisdiction over the quarters ended September 30 and December 31, 2005, March 31, September 30, and December 31, 2006, and petitioner's taxable year 2006.  In support of that position, respondent represents that with respect to none of those tax periods did respondent (1) issue to petitioner a notice of deficiency, (2) issue to petitioner a notice of determination under section 6330(d)(1), except for the notice of determination with respect to the September 30, 2005 quarter, or (3) make any other determination that would confer jurisdiction on us if a petition were timely filed with respect to any such determination.

In the petition, petitioner alleged that it disagrees with "the determination contained in the notice issued by the Internal Revenue Service for the year(s) or period(s) 2005 AND 2006, as set forth in such notice dated JULY 25, 2007".  The only document in the record dated July 25, 2007, is a letter to petitioner from one of respondent's revenue officers regarding petitioner's failure to file Form 941 for

**[*24]** the quarter ended June 30, 2007. We conclude that that letter was not, and did not purport to be, a determination under section 6330(d)(1).

In response to respondent's representation in respondent's motion that, after a diligent search, respondent concluded that respondent did not issue to petitioner a notice of deficiency with respect to any of the tax periods at issue, petitioner asserts in pertinent part in petitioner's opposition:

> Although Respondent argues that no statutory notices of deficiency have been sent timely, evidence of deficiency notices are in Respondents [sic] records, and it is important that the dates on the deficiency notices be verified before a decision is made on the motion to dismiss. Petitioner requests additional time to produce the date of the notices, or, alternatively, to have Respondent produce evidence of the notice dates if that would save time.

Petitioner appears to be contending that respondent issued to it notices of deficiency with respect to the respective tax periods at issue. We reject petitioner's contention. Petitioner's unpaid liability for each of the quarters ended September 30 and December 31, 2005, and March 31, September 30, and December 31, 2006, consists of the unpaid amount of Federal taxes that petitioner showed in its Form 941 for each such quarter, as well as any addition to tax under section 6651(a)(2) and interest as provided by law for each such quarter. None of those liabilities arose from a deficiency that respondent determined in a notice of deficiency. Petitioner's unpaid liability for its taxable year 2006 consists of the

[*25] unpaid amount of Federal tax that petitioner showed in its Form 940 for that year, as well as any addition to tax under section 6651(a)(2) and interest as provided by law for that year. That liability did not arise from a deficiency that respondent determined in a notice of deficiency.

In response to respondent's representation in respondent's motion that, after a diligent search, respondent concluded that, except for the notice of determination with respect to the September 30, 2005 quarter, respondent did not issue to petitioner a notice of determination under section 6330(d)(1) with respect to any of the tax periods at issue, petitioner asserts in pertinent part in petitioner's opposition that

> on or about June 1, 2007, Petitioner made a request that Respondent accept an installment agreement regarding the 2005 and 2006 tax periods. This installment agreement would allow Petitioner to conclude a pending sale of its business operations and real estate. The sale would completely satisfy any outstanding liability for the above and any other outstanding periods. Respondent stated to Petitioner that the request would be rejected, and instead classified as an attempt to delay collection. <u>This determination by Respondent is within the statutory period</u>. [Emphasis added.]

Petitioner does not otherwise explain the "determination by Respondent" issued to petitioner "within the statutory period" to which it is referring in petitioner's opposition. In any event, our jurisdiction under section 6330(d)(1) does not depend upon whether the Appeals Office issued a determination under that

[*26] section within a certain period.[10]  Our jurisdiction under section 6330(d)(1) depends upon the issuance of a valid notice of determination under that section and a timely filed petition.  Lunsford v. Commissioner, 117 T.C. 159, 161 (2001).

We turn now to each of the tax periods at issue in order to determine whether we have jurisdiction over each of those periods.

With respect to the September 30, 2005 quarter, respondent concedes, and we conclude, that on August 10, 2006, respondent issued to petitioner a notice of determination under section 6330(d)(1).  Petitioner, however, did not file the petition until August 23, 2007.  We conclude that we do not have jurisdiction over the September 30, 2005 quarter.  See sec. 6330(d)(1).

With respect to the December 31, 2005 quarter, petitioner did not timely submit to respondent Form 12153, or any other document, in which it requested an Appeals Office hearing regarding the notice of tax lien with respect to the December 31, 2005 quarter and the notice of intent to levy with respect to the December 31, 2005 quarter.[11]  Because petitioner did not timely request an Appeals Office

_____

[10]There is no mandated period of time within which the Appeals Office must issue a notice of determination under sec. 6330(d)(1).  Sec. 301.6330-1(e)(3), Q&A-E9, Proced. & Admin. Regs.

[11]On April 24 and May 4, 2006, respectively, respondent issued to petitioner the notice of intent to levy with respect to the December 31, 2005 quarter and the notice of tax lien with respect to the December 31, 2005 quarter.  Petitioner did

(continued...)

[*27] hearing with respect to those notices, it was not entitled to such a hearing. See secs. 6320(b)(1), 6330(b)(1); secs. 301.6320-1(c)(2), Q&A-C7, 301.6330-1(c)(2), Q&A-C7, Proced. & Admin. Regs.  Respondent granted petitioner an equivalent hearing regarding petitioner's unpaid liability for the December 31, 2005 quarter.  See secs. 301.6320-1(i)(1), 301.6330-1(i)(1), Proced. & Admin. Regs.  On March 30, 2007, the Appeals Office issued to petitioner a decision letter with respect to that liability.  See secs. 301.6320-1(i)(1), 301.6330-1(i)(1), Proced. & Admin. Regs.  We conclude that that letter was not, and did not purport to be, a determination under section 6330(d)(1).  See, e.g., Moorhous v. Commissioner, 116 T.C. 263, 270 (2001).  We further conclude that we do not have jurisdiction over the December 31, 2005 quarter.

With respect to the quarters ended March 31, September 30, and December 31, 2006, and petitioner's taxable year 2006, although petitioner knew that Form 12153 was the form prescribed for requesting an Appeals Office hearing,[12]

---

[11](...continued)
not submit Form 12153 with respect to those notices until June 12 or 13, 2006. See supra note 6.

[12]The notice of intent to levy and the notice of tax lien that respondent issued to petitioner with respect to each of the tax periods at issue indicated that respondent was attaching to each such letter, inter alia, Form 12153.  See supra note 3.  Moreover, petitioner had submitted that form to respondent with respect to each of the quarters ended September 30 and December 31, 2005.

[*28] petitioner did not submit to respondent that form, or any other document, in which it requested such a hearing regarding those tax periods.  Instead, on June 7 and July 31, 2007, petitioner submitted to respondent Forms 9423 in which it requested a hearing with the Appeals Office under respondent's Collection Appeals Program (CAP Appeals Office hearing).[13]

The Collection Appeals Program provides an administrative appeal for "certain collection actions" and the rejection and termination of installment agreements.  IRM pt. 8.24.1.1.1(1)-(3) (May 27, 2004).  The IRM points out the distinction between a CAP Appeals Office hearing and an Appeals Office hearing, see, e.g., IRM pt. 5.1.9.4(1) (Jan. 1, 2007), and indicates that "[t]he taxpayer has the right to go to court on Appeals' determinations under CDP but not under CAP", see IRM pt. 8.24.1.1.1(5).[14]

_____

[13]On June 7, 2007, petitioner submitted to respondent Form 9423 with respect to, inter alia, the quarters ended March 31 and September 30 and December 31, 2006, and its taxable year 2006.  On July 31, 2007, petitioner submitted to respondent another Form 9423 with respect to, inter alia, those tax periods.  Internal Revenue Manual (IRM) pt. 5.1.9.4.1(2) (Jan. 1, 2007) indicated that Form 9423 was the form to be used to request a CAP Appeals Office hearing.

[14]Consistent with IRM pt. 8.24.1.1.1(5) (May 27, 2004), the instructions for Form 9423 informed the taxpayer that "[o]nce the Appeals Officer makes a decision on your case, that decision is binding on both you and the IRS.  This means that both you and the IRS are required to accept the decision and live up to its terms."

[*29]  In response to petitioner's June 7, 2007 Form 9423 and petitioner's July 31, 2007 Form 9423, the Appeals Office sent to petitioner a letter dated June 21, 2007, and a memorandum dated August 13, 2007, that was entitled "**APPEALS CASE MEMORANDUM COLLECTION APPEAL PROGRAM DENIAL OF INSTALLMENT AGREEMENT PROPOSED LEVY ACTION PROPOSED SEIZURE ACTION**".  We conclude that that letter and that memorandum were not, and did not purport to be, determinations under section 6330(d)(1).  We further conclude that we do not have jurisdiction over the quarters ended March 31, September 30, and December 31, 2006, and petitioner's taxable year 2006.

We have considered all of petitioner's contentions, arguments, and requests that are not discussed herein, and we find them to be without merit, irrelevant, and/or moot.

On the record before us, we shall grant respondent's motion.

To reflect the foregoing,

<u>An order granting respondent's motion as supplemented and dismissing this case for lack of jurisdiction will be entered</u>.